UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>  v.<br><br>CAROLINA LOMELI,<br><br>                  Defendant. | Case No. 22-cr-00309-BAS-1<br><br>**ORDER DENYING MOTION TO CORRECT SENTENCE (ECF No. 37)** |

      The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

In addition, under Part A, these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1. The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment). The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

Based on these amendments, Defendant Carolina Lomeli filed a Motion to Correct Sentence under U.S.S.G. § 1B1.10. (ECF No. 37.) On November 9, 2023, the Court referred this case to Federal Defenders for an evaluation. (ECF No. 38.) After three months had passed, the Court ordered a status report from Federal Defenders by March 8, 2024. (ECF No. 41.) When no status report was forthcoming, the Court set the matter for an Order to Show Cause as to why the Motion should not be denied. (ECF No. 43.) A day later, Federal Defenders filed a status report concluding "the Court can decide the motion on the existing records without further assistance of counsel." (ECF No. 45.)

As the Court pointed out at the hearing, although Defendant claims she was a zero-point offender, she, in fact, had one criminal history point (Presentence Report ¶ 30, ECF No. 29). Therefore, she does not qualify for the zero-point offender reduction, and no points were added to her criminal history calculations for her post-release status. Consequently, the new guideline amendments are inapplicable to her situation. Defense counsel indicated he had no objection to this reasoning.

Hence, the Motion to Correct Sentence (ECF No. 37) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 26, 2024**

Hon. Cynthia Bashant
United States District Judge

- 2 -

22cr0309